CHARLES E. PIGG, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CORRECTIONS, Defendant

No. COA08-1373

(Filed 4 August 2009)

**1. Tort Claims Act— inmate—medication—failure to warn about side effects**

The Industrial Commission did not err in a tort claims case involving an inmate who was injured in a fall by failing to issue a conclusion about whether defendant's failure to warn plaintiff of Percocet's side effects proximately caused his injuries. The Commission found that plaintiff's injuries were caused by a syncopal episode and not any possible side effects of Percocet; even if defendant had warned plaintiff about those side effects, plaintiff did not prove that the side effects were the proximate cause of his injuries.

**2. Tort Claims Act— inmate—fall after medication—causation**

The Industrial Commission did not err in a tort claims case involving an inmate who was injured in a fall in its focus on whether Percocet caused unconsciousness as opposed to

whether the Percocet caused plaintiff's fall and injury. Whether Percocet proximately caused the syncopal episode was material because the Commission found that the fall and injury were caused by a syncopal episode and loss of consciousness. The Commission also found that there was no evidence that the Percocet caused the syncopal episode.

Appeal by Plaintiff from a Decision and Order entered 15 July 2008 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 22 April 2009.

> *Michele Luecking-Sunman, for Plaintiff-Appellant.*

> *Attorney General Roy Cooper, by Special Counsel James Peeler Smith, for the Defendant-Appellees.*

BEASLEY, Judge.

Charles E. Pigg (Plaintiff) appeals from a Decision and Order of the North Carolina Industrial Commission (Commission) concluding that Plaintiff failed to state a claim under the North Carolina Tort Claims Act. The Commission found that because Plaintiff "failed to meet his burden of proving . . . that Defendant breached the applicable standard of care and proximately caused the injuries [for] which Plaintiff complains[,]" Plaintiff was not entitled to recover damages from Defendant. We affirm.

In July 1998, Plaintiff was an inmate in the North Carolina Department of Correction (Defendant), housed at North Carolina Central Prison (Prison) in Raleigh, North Carolina. Because Plaintiff had an infected, ingrown toenail, he was prescribed an antibiotic for the infection and Tylenol and Percocet (also known as Roxicet) for the pain. "There [was] neither any testimonial nor any documentary evidence indicating that Plaintiff experienced any side effects from the administration of these initial doses of Percocet/Roxicet."

The Commission's findings of fact state that on 13 July 1998, a physician's assistant at the Prison administered an antibiotic, Tylenol, and Percocet to the Plaintiff. The Commission found that "there [was] no indication in the medical records that any of the staff . . . discussed with Plaintiff any of the side effects associated with either Percocet/Roxicet or any of the other medications prescribed to him. . . ." On the evening of 14 July 1998, a nurse at the Prison administered two doses of Percocet to Plaintiff. "There

[was] neither any testimonial nor any documentary evidence indicating that Plaintiff experienced any side effects from the administration of these initial doses of Percocet/Roxicet." The Commission found that in the absence of such evidence, "Plaintiff orally ingested the initial doses of Percocet/Roxicet without any adverse effects or complaints."

On the morning of 15 July 1998, a nurse again administered two doses of Percocet to Plaintiff. Plaintiff testified that when he asked the nurse what the pills were, she said, "it was a pain killer," and did not tell him the possible side effects of the medicine. Plaintiff testified that it was his understanding that the term "pain killers" referred to Ibuprofen or Tylenol. Shortly after taking the medication, Plaintiff became nauseous, and as he was standing to use the restroom, passed out and fell face first onto the concrete floor. Plaintiff "sustained head trauma, including lacerations over his right eye requiring sutures, a broken nose, and four (4) broken teeth, which had to be extracted later."

Plaintiff filed a claim against Defendants under N.C. Gen. Stat. § 143-291 and a hearing was held on 12 February 2003 before Deputy Commissioner Nancy W. Gregory (Gregory). Gregory found that Defendant's staff breached its duty of care to Plaintiff by not counseling patient on the side effects of Percocet and that this breach proximately resulted in Plaintiff's injuries. Gregory concluded that "[p]laintiff has proven by the greater weight of the evidence . . . that defendant owed plaintiff a duty to provide appropriate medical care . . . which includes counseling plaintiff on the side effects of prescription medication." As a result of Defendant's negligence, Gregory awarded Plaintiff damages in the amount of $16,150.00.

Defendant appealed the Decision and Order to the Commission and a hearing was held on 16 October 2003. On 18 March 2004, the Commission reopened and remanded the case to gather additional evidence on the potential side effects of Percocet.

On 19 February 2008, the Commission re-heard this case. On 15 July 2008, the Commission reversed the decision and order of Gregory. The Commission denied Plaintiff's claim for money damages stating that he had "failed to meet his burden of proving . . . that Defendant breached the applicable standard of care and proximately caused the injuries of which Plaintiff complains." From this order, Plaintiff appeals.

STANDARD OF REVIEW

For an appeal from the Full Commission's decision, the standard of review:

"shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." As long as there is competent evidence in support of the Commission's decision, it does not matter that there is evidence supporting a contrary finding.

*Simmons v. Columbus Cty. Bd. of Educ.*, 171 N.C. App. 725, 727-28, 615 S.E.2d 69, 72 (2005) (quoting N.C. Gen. Stat. § 143-293 [2007]). " '[O]ur Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact justify its conclusions of law and decision.' " *Thornton v. F.J. Cherry Hosp.*, 183 N.C. App. 177, 180, 644 S.E.2d 369, 372 (2007) (quoting *Simmons v. N.C. Dept. of Transportation*, 128 N.C. App. 402, 405-06, 496 S.E.2d 790, 793 (1998)), *aff'd*, 362 N.C. 173, 655 S.E.2d 350 (2008).

I.

[1] Plaintiff first argues that the Commission erred by its failure to make a conclusion of law with respect to whether Defendant's failure to warn Plaintiff about the side effects of Percocet proximately caused Plaintiff's injuries. We disagree.

Under the North Carolina Tort Claims Act, the Industrial Commission:

shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina.

N.C. Gen. Stat. § 143-291 (2007). Plaintiff "must show that " '(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury.' " *Drewery v. N.C. Dep't of Transp.*, 168 N.C. App. 332, 337, 607 S.E.2d 342, 346 (2005) (quoting *Wollard v. N.C. Dept. of Transportation*, 93

N.C. App. 214, 217, 377 S.E.2d 267, 269 (1989)). " 'Under the Tort Claims Act negligence . . . and proximate cause . . . are to be determined under the same rules as those applicable to litigation between private individuals.' " *Medley v. N.C. Department of Correction*, 330 N.C. 837, 840-41, 412 S.E.2d 654, 657 (1992) (quoting *Barney v. Highway Comm.*, 282 N.C. 278, 284, 192 S.E.2d 273, 277 (1972)). " '[T]he burden of proof as to [negligence is] on the plaintiff.' " *Drewery*, 168 N.C. App. at 337, 607 S.E.2d at 346 (quoting *Bailey v. N.C. Dept. of Mental Health*, 2 N.C. App. 645, 651, 163 S.E.2d 652 (1968)).

During his hearing, Plaintiff called Linda Cross (Cross), a pharmacist employed by Defendant, as a witness. Cross testified that the common side-effects of Percocet included dizziness, light-headed, euphoria, nausea, and some hypotension. The Commission made a finding of fact that "[Cross] testified that orally ingesting Percocet/Roxicet is *not a likely cause of—sudden unconsciousness,*' which is a complete syncopal episode"; therefore, she testified, it would be unreasonable to expect a person to pass out immediately from ingesting Percocet. (emphasis added).

"Because the [Plaintiff] does not challenge the trial court's findings of fact as being unsupported by the evidence, its findings are conclusive on this appeal." *Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 22, 411 S.E.2d 645, 650 (1992). The Commission found that:

> Plaintiff has not put on any expert witness testimony either opining that Defendant and its agents breached the applicable standard of care owed to Plaintiff, *or setting forth a causal relationship between any alleged breach in the applicable standard of care and damages of which Plaintiff complains*. Furthermore, Plaintiff has not put on any expert witness testimony setting forth that complete syncopal episodes are a common side effect, or even an uncommon side effect, of orally ingesting Percocet/Roxicet. . . . *This record is completely devoid of any testimony relating a complete syncopal episode, which is what Plaintiff experienced, by his own admission, and the oral ingestion of Percocet/Roxicet.*

(emphasis added). "The burden of proof as to this issue was on the plaintiff." *Bailey*, 2 N.C. App. at 651, 163 S.E.2d at 656. Plaintiff failed to prove that Defendant had a legal duty to the Plaintiff and that the negligent breach of this legal duty was the proximate cause of his

injury. Plaintiff failed to show that his syncopal episode was a common side effect, uncommon side effect, or that it even had any relation to his ingestion of Percocet. "Evidence is usually not required in order to establish and justify a finding that a party has failed to prove that which he affirmatively asserts. It usually occurs and is based on the absence or lack of evidence." *Id.*

The Commission concluded that:

> Plaintiff failed to meet his burden of proving, by the greater weight of the evidence of record, that Defendant breached the applicable standard of care and proximately caused the injuries of which Plaintiff complains.

Plaintiff failed to meet his burden of proof when he did not show any relation between the syncopal episode and his ingestion of Percocet. Because the Commission found that his injuries were caused by the syncopal episode and not any possible side effects of Percocet, it follows that the Commission did not err in failing to find whether the absence of warnings to Plaintiff about Percocet's possible side-effects proximately caused his injuries. Assuming arguendo that Defendant had warned Plaintiff about Percocet's common and uncommon side-effects, Plaintiff's argument would fail because Plaintiff has not proven that his injuries were proximately caused by any side-effects of Percocet. After reviewing the evidence in the record, we conclude that we are bound by the Commission's findings of fact because they are supported by competent evidence and find Plaintiff's arguments unconvincing. This assignment of error is overruled.

## II.

[2] In Plaintiff's second argument, he contends that the Commission erred in its focus on whether Percocet caused unconsciousness as opposed to whether the Percocet caused Plaintiff's fall and injury. Plaintiff argues that a determination of whether Percocet caused unconsciousness is not a material fact. We disagree.

The Commission made a finding that:

> less than an hour after Plaintiff orally ingested the Percocet/Roxicet at 7:00 a.m. on July 15, 1998, he experienced an episode of nausea and lightheadedness, promptly followed by a complete syncopal episode. *As a result of this complete syncopal episode,* Plaintiff fell face first onto a concrete floor and struck his face and head on the floor.

(emphasis added). Because the Commission's findings of fact are supported by competent evidence, they are binding on this appeal. *See Simmons*, 128 N.C. App. at 405, 496 S.E.2d at 793. The Commission found that the syncopal episode, loss of consciousness, caused Plaintiff's fall and injury. Therefore, it was material that the Commission find whether the Percocet proximately caused the syncopal episode.

The Commission further found that "[t]here [was] no evidence in the record to suggest that orally ingesting Percocet/Roxicet on an empty stomach [would] cause a complete syncopal episode" and that the "record [was] completely devoid of any testimony relating a complete syncopal episode, which is what Plaintiff experienced, by his own admission, and the oral ingestion of Percocet/Roxicet." Because the Commission found that the syncopal episode caused Plaintiff's injuries and because the Commission found that Plaintiff had failed to produce any evidence that the Percocet caused the syncopal episode, Plaintiff's argument fails. This assignment of error is overruled.

For the foregoing reasons, we

Affirm.

Judges McGEE and HUNTER, Robert C. concur.