JASON LUCAS, Plaintiff,
v.
ROCKINGHAM COUNTY SCHOOLS, Defendant.
No. COA09-641.
Court of Appeals of North Carolina.
Filed April 20, 2010.
Gray, Johnson & Lawson, L.L.P., by Mark V.L. Gray, for plaintiff-appellee.
Attorney General Roy Cooper, by Assistant Attorney General Tina L. Hlabse, for defendant-appellant.

UNPUBLISHED OPINION
STEELMAN, Judge.
The record contained competent evidence to support the Industrial Commission's findings of fact regarding the issue of defendant's negligence. The Industrial Commission's findings of fact justify its conclusions of law that defendant breached its duty of care to plaintiff because defendant's agent failed to properly supervise students on a school bus. The Industrial Commission acted within its authority to remand the matter to a deputy commissioner for the taking of additional evidence on the issue of damages. Defendant failed to challenge the composition of the Full Commission panel, and this question is not preserved for appellate review. The Industrial Commission did not abuse its discretion in awarding plaintiff $150,000.00 in damages.

I. Factual and Procedural Background
On 24 September 1999, Jason Lucas (plaintiff) was nine years old and a passenger on a school bus driven by Mark Anthony Staples (Staples). Staples was employed by the Rockingham County School System (defendant). Plaintiff was sitting with Mason King (King), and King was poking holes in a piece of paper with a pencil. Staples told King to put the pencil away, and told plaintiff to turn around in the seat and stay out of the aisle. As the bus went over a dip in the road, Staples heard plaintiff scream. Plaintiff sustained serious injuries to his left eye when it was punctured by King's pencil.
In April 2000, plaintiff, by his Guardian ad litem, filed this action under the State Tort Claims Act, Chapter 143, Article 31 of our General Statutes, before the North Carolina Industrial Commission (Commission). Plaintiff alleged that "Staples' driving caused bus to be jostled. Claimant's eye was punctured as a result," and that Staples "failed to supervise a co-student who was carelessly and wrecklessly [sic] poking holes in a paper with a pencil, resulting in [plaintiff] receiving a deep puncture to his left eye." Defendant denied plaintiff's allegations and asserted five affirmative defenses.
On 13 October 2005, the Commission filed its Decision and Order concluding that plaintiff's injuries "were the proximate result of a negligent act of defendant." The Commission remanded the matter "to Chief Deputy Commissioner Stephen T. Gheen for assignment to a Deputy Commissioner for the taking of additional evidence or further hearing, if necessary, and the entry of a Decision and Order with findings regarding the compensatory damages, including future medical costs, that plaintiff is entitled to recover."
On 8 January 2009, the Commission filed a Decision and Order, awarding damages in the amount of $150,000.00 to plaintiff.
Defendant appeals.

II. Standard of Review
"Under the Tort Claims Act, when considering an appeal from the Commission, our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact justify its conclusions of law and decision." Phillips ex rel. Bates v. Dept. of Transp., ___ N.C. App. ___, ___, 684 S.E.2d 725, 729 (2009) (citing Fennell v. N.C. Dep't of Crime Control & Pub. Safety, 145 N.C. App. 584, 589, 551 S.E.2d 486, 490 (2001), cert. denied, 355 N.C. 285, 560 S.E.2d 800 (2002)). The Commission's findings of fact, if supported by competent evidence, "are conclusive on appeal even though there is evidence which would support a contrary finding." McGee v. N.C. Dep't of Revenue, 135 N.C. App. 319, 324, 520 S.E.2d 84, 87 (1999) (citation omitted).

III. Negligence
In its first argument, defendant contends the Commission erred in awarding damages to plaintiff because plaintiff failed to prove negligence on the part of Staples. We disagree.
Pursuant to the Tort Claims Act, N.C. Gen. Stat. § 143-291 et seq., the State has waived sovereign immunity for the negligent acts of its employees acting within the scope of their employment. Under the provisions of the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties. Plaintiff must show that (1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury." Drewry v. N.C. Dep't of Transp., 168 N.C. App. 332, 337, 607 S.E.2d 342, 346 (citations and internal quotations omitted), disc. review denied, 359 N.C. 410, 612 S.E.2d 318 (2005).
In the instant case, plaintiff presented two theories of negligence: (1) Staples' negligent driving caused the school bus to be jostled, which caused King to lose control of the pencil, and (2) Staples was negligent in failing to properly supervise the students on the school bus, and this failure resulted in plaintiff's injury. Defendant argues there was "no competent evidence in the record to support either theory of negligence, or to support the [Commission's] findings of fact regarding negligence." The Commission made the following findings of fact:
6. On the afternoon of September 24, 1999, Mr. Staples noted that Mason King, a student on the bus, had a pencil out while riding on the bus. Mr. Staples instructed Mason King to put the pencil away; however, Mr. Staples failed to further supervise Mason King or insure that the pencil had been secured prior to the continued operation of the school bus.
. . .
8. The Full Commission finds that Mr. Staples failed to supervise Mason King, a student who was in Mr. Staples' care.
9. The Full Commission also finds that Mr. Staples failed to enforce the safety policy regarding the use of pencils and pens by students on the school bus.
Our review is limited to whether competent evidence exists to support the Commission's findings of fact. Geraldine D. Partee (Partee), a school facilitator for defendant, testified that she conducted training for school bus drivers during the time of the incident in question. School bus drivers were taught that they have a duty to supervise the students, and if they see or recognize a dangerous situation, to take necessary action to prevent harm or injury to students. Partee further testified that pencils were to be safely put away on school buses at all times.
Staples testified that he questioned King about his pencil, and King "said he was erasing his paper." Staples testified that he was not aware of King poking holes in the paper because if he had known, "I would have made him put it up." Staples further testified that he was aware King had his pencil out prior to plaintiff's injury. Plaintiff also testified that Staples had told King to put his pencil away, but that King did not follow this instruction. The Commission is the sole judge of the credibility of witnesses and the weight to be given the evidence. Coulter v. Catawba Cty. Bd. of Educ., 189 N.C. App. 183, 186, 657 S.E.2d 428, 430 (2008) (citation and quotations omitted). We hold competent evidence existed in the record to support the Commission's findings of fact regarding negligence on the part of defendant.
Defendant further contends the Commission erred in concluding that defendant breached its duty of care to plaintiff. Defendant argues there is no evidence that Staples could have reasonably done anything further to prevent the injury to plaintiff, thus there is no evidence that defendant breached its duty to plaintiff. The Commission concluded:
3. In the present case, Mr. Staples (defendant's agent) had a duty of care to properly enforce the safety policies of the school bus while operating the vehicle, and to exercise proper supervision of the minors in his care. Defendant's agent breached his duty of care to plaintiff by not properly enforcing the safety policy regarding the use of pencils and pens by students on the school bus, and by failing to properly supervise Mason King, a minor also in Mr. Staples' care. This breach of duty proximately caused plaintiff to suffer injury to his left eye . . . .
4. As a result of defendant's breach of the above-mentioned duty, defendant is liable to plaintiff for the damages he sustained as a consequence of such breach. N.C. Gen. Stat. § 143-291.
"The happening of an injury does not raise the presumption of negligence. There must be evidence of notice either actual or constructive." Willis v. City of New Bern, 137 N.C. App. 762, 765, 529 S.E.2d 691, 693 (2000) (quoting Smith v. Hickory, 252 N.C. 316, 318, 113 S.E.2d 557, 559 (1960)).
[N]otice may be either actual, which brings the knowledge of a fact directly home to the party, or constructive, which is defined as information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.
Phillips, ___ N.C. App. at ___, 684 S.E.2d at 731 (citation and quotations omitted). Staples was aware that King had his pencil out on the school bus before plaintiff's injury occurred. Partee testified that school bus drivers were taught they have a duty to supervise the students, and that pencils were not allowed to be used on a school bus for any reason. There was more than ample evidence in the record that Staples knew King had his pencil out on the school bus. Staples knew this was against the rules, and Staples was trained that it was his duty to supervise the students. The Commission's findings of fact support its conclusion of law that defendant breached its duty of care to plaintiff because Staples failed to properly supervise the students on the school bus.
This argument is without merit.

IV. Remand
In its second argument, defendant contends the Commission erred when it remanded the matter back to a deputy commissioner for the taking of additional evidence regarding plaintiff's damages. We disagree.
In its 5 October 2005 Decision and Order, the Commission remanded the matter back to Chief Deputy Commissioner Gheen "for the taking of additional evidence or further hearing, if necessary," regarding damages, including future medical costs. Defendant argues that the order of remand "was made without request by either party and without any stated justification included in the Order." The Tort Claims Act authorizes the Commission to adopt such rules and regulations as may, in the discretion of the Commission, be necessary to carry out the purpose and intent of the Tort Claims Act. N.C. Gen. Stat. § 143-300 (2009). Pursuant to Rule T206 of the Tort Claims Rules, "The Industrial Commission may, on its own motion, order a hearing or rehearing of any case in dispute." 4 N.C.A.C. 10B.0206(a) (2008). Rule T309 of the Tort Claims Rules further provides, "No new evidence will be presented to, or heard by, the Full Commission unless the Commission in its discretion permits." 4 N.C.A.C. 10B.0309 (2008). The Commission acted within its authority to remand the matter to a deputy commissioner for the taking of additional evidence pertaining to damages.
This argument is without merit.

V. Hearing by Full Commission of County's "Entire Appeal"
In its third argument, defendant contends the Commission erred as a matter of law when it failed to allow a hearing by "A Full Commission" of defendant's entire appeal. We disagree.
The Full Commission panel, which filed the 5 October 2005 Decision and Order, consisted of Commissioners Bolch, Mavretic, and Sellers. The Commission found defendant negligent. The matter was remanded for the taking of additional evidence on the issue of damages. The matter came back before a Full Commission panel consisting of Commissioners Mavretic, Ballance, and Sellers. Defendant argues that Commissioner Ballance "was not given the opportunity to render an opinion regarding liability," and because of this, defendant has not had a hearing by "a Full Commission."
Defendant cites N.C. Gen. Stat. § 143-292 for the proposition that it was entitled to have its appeal be,
heard by the Industrial Commission, sitting as a full Commission, on the basis of the record in the matter and upon oral argument of the parties, and said full Commission may amend, set aside, or strike out the decision of the hearing commissioner and may issue its own findings of fact and conclusions of law.
N.C. Gen. Stat. § 143-292 (2009).
Defendant failed to properly preserve this issue for appellate review. "In order to preserve a question for appellate review, a party must have presented . . . a timely request, objection or motion, stating the specific grounds for the ruling the party desired . . . . It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion." N.C.R. App. P. 10(b)(1). Defendant was given notice of the composition of the hearing panel, and the Commission's 14 January 2008 order of remand specifically stated,
In the event that either party appeals the Decision and Order of Deputy Commissioner Glenn, the appeal solely on the damages issue will be heard by a Full Commission panel consisting of Commissioners Mavretic and Sellers, and a third Commissioner shall be substituted in place of former Commissioner Bolch. Because the two panels that will have deliberated and decided the negligence and damages issues will be different, the Full Commission will issue two Decision and Orders which are hereby ORDERED to be consolidated for purposes of any further appeal to the North Carolina Court of Appeals.
On 10 January 2008, counsel for both parties participated in a telephone conference call with Commissioner Mavretic. The record is devoid of any objection from defendant as to the composition of the second Full Commission panel. Defendant has waived appellate review of this argument by failing to present it to the Commission. N.C.R. App. P. 10(b)(1).
We further note that because Commissioner Bolch was no longer a member of the Commission, it was proper for the Commission to substitute Commissioner Ballance to sit in his stead.
This argument is dismissed.

VI. Damages
In its fourth argument, defendant contends that the Commission abused its discretion when it awarded plaintiff $150,000.00 in damages when there was no credible evidence to support such an award. We disagree.
"The amount of damages to be awarded is a matter which the statute leaves to the discretion of the Commission." Brown v. Board of Education, 269 N.C. 667, 671, 153 S.E.2d 335, 339 (1967) (citing N.C. Gen. Stat. § 143-291). The Commission's order may not be set aside as excessive unless, in view of the Commission's findings as to the nature and extent of the injury, the award is so large as to "shock the conscience." Id.
Both parties stipulated at the 29 March 2004 hearing that plaintiff's medical bills totaled $9,927.23, and the treatment rendered was reasonable and necessary. With regard to plaintiff's future medical treatment, the Commission made the following findings:
3. Plaintiff wears glasses, although he does not wear them all the time . . . . He has a valid driver's license. Plaintiff reads with his right eye only and after reading for some time, his eyes become strained and he develops headaches. The vision in his injured left eye is blurry. He is unable to read road signs with the left eye. His peripheral vision in his left eye is impaired, so that when he is looking at an object on the left, he moves his head to look at the object with his right eye. When watching television, plaintiff is light sensitive and sometimes develops a headache from squinting.
. . .
5. Dr. Phillip Hoopes, Jr., treated plaintiff on April 2, 2004, and found that his corrected vision in his left eye was 20/40. Dr. Hoopes assigned a 5% permanent functional impairment to plaintiff's left eye. According to Dr. Hoopes, plaintiff has a corneal scar that is correctable with surgery. However, Dr. Hoopes first suggested trying a contact lens, with surgery as the next step if the contact lens does not improve plaintiff's vision. Plaintiff also may need cataract surgery in the future.
6. Dr. Paul V. Kowalski of Doctors Vision Center in Reidsville saw plaintiff on April 16, 2007. At that time plaintiff's corrected vision was 20/20 in his right eye and 20/60 in his left eye. Plaintiff's history was a corneal laceration of the left eye with peripheral iredectomy and corneal iris adhesions at the 5 o'clock position. Because of plaintiff's age at the time of the injury, Dr. Kowalski felt that his left eye was not likely to be amblyopic but was likely to be astigmatic. Although a rigid gas permeable contact lens might improve the vision in plaintiff's left eye, Dr. Kowalski felt the lens might be "more trouble than it is worth" since the right eye has 20/20 vision with only glasses prescription.
7. Dr. Kowalski stated that plaintiff should have yearly eye exams to follow the health of his eyes because he is more likely to develop a cataract in his left eye and is at higher risk of glaucoma because of the injury. In addition, Dr. Kowalski recommended that plaintiff wear polycarbonate lenses in his glasses to protect his right eye.
(R. p. 69-70). Defendant did not assign error to any of the above findings of fact, thus our review is limited to whether the findings of fact support the Commission's conclusion of law that "[g]iven the nature and extent of plaintiff's injuries, as well as plaintiff's need for future medical treatment, $150,000.00 is a reasonable sum for plaintiff's loss." See Hummel v. University of N.C., 156 N.C. App. 108, 116, 576 S.E.2d 124, 129, disc. review allowed, 357 N.C. 459, 585 S.E.2d 757 (2003), disc. review improvidently allowed, 358 N.C. 130, 591 S.E.2d 518 (2004).
The Commission's findings reflect that plaintiff will require annual eye exams to monitor the health of his eyes. The findings indicate that plaintiff is more likely to develop a cataract in his left eye and may require cataract surgery in the future. Plaintiff is at higher risk of glaucoma. As a result of the injury, plaintiff has a 5% permanent functional impairment to his left eye. Plaintiff testified that he suffers from blurred vision in his left eye, and reading and watching television sometimes causes him to develop headaches. We cannot hold as a matter of law that the amount of the award "shocks the conscience." The Commission did not abuse its discretion in awarding plaintiff $150,000.00 in damages.
This argument is without merit.
Defendant has failed to argue its remaining assignments of error on appeal, and they are deemed abandoned pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure.
AFFIRMED.
Judges MCGEE and STEPHENS concur.
Report per Rule 30(e).