***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Baddour, and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. Having reviewed the competent evidence of record, the Full Commission reverses the Decision and Order of Deputy Commissioner Baddour and enters the following Decision and Order
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly brought before the Industrial Commission and the Commission has jurisdiction over the parties and of the subject matter related to the collision *Page 2 
between a vehicle operated by Plaintiff and Defendant's school bus on or about July 14, 2004, on Jacobs Fork Lane in Charlotte, North Carolina.
2. All parties have been correctly designated and there is no question as to misjoinder or non-joinder of parties.
3. The claim for damages arises under the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291, et seq.
4. At all relevant times, Carmen Elise Cropp was an employee of the Charlotte-Mecklenburg Board of Education and was operating a school bus within the course and scope of her employment.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff filed an Affidavit with the North Carolina Industrial Commission in which she alleged negligence by an employee of the Charlotte-Mecklenburg Board of Education. Specifically, Plaintiff alleged that Carmen Elise Cropp was negligent in the operation of a school bus and that resulted in a collision with Plaintiff's vehicle.
2. Although Ms. Thomas is the named Plaintiff, this matter is actually a subrogation claim for Nationwide Insurance Company.
3. Defendant denied any negligence and asserted contributory negligence.
4. On July 14, 2004, Plaintiff was driving on Jacobs Fork Lane through a residential neighborhood with which she was unfamiliar. The weather on July 14, 2004, was sunny and dry. *Page 3 
5. Plaintiff, a real estate agent, was attempting to locate a property and decided to stop at the intersection of Jacobs Fork Lane and Colley Ford Lane, in order to decide which way to proceed.
6. While Plaintiff was stopped, a school bus driven by Defendant's employee, Ms. Cropp, was traveling down Jacobs Fork Lane and approached Plaintiff's stopped vehicle from behind.
7. Ms. Cropp observed that Plaintiff's vehicle did not move for a period of time, and therefore proceeded to drive around Plaintiff's vehicle.
8. As Ms. Cropp was driving past Plaintiff's vehicle, Plaintiff suddenly decided to turn left at the intersection and began the left hand turn without giving a turn signal, and without verifying that her path was clear. As such, Plaintiff's vehicle collided with the school bus.
9. Plaintiff's vehicle impacted the school bus near the middle of the passenger side of the bus. Plaintiff's vehicle was impacted on the front driver's side bumper.
10. An investigation of the collision was immediately conducted by Officer T.S. Kishpaugh of the Charlotte-Mecklenburg Police Department.
11. Officer Kishpaugh's investigation revealed that Plaintiff stopped her vehicle in the roadway and failed to see the school bus when she began to turn left.
12. Officer Kishpaugh's investigation also indicated that Ms. Cropp observed that Plaintiff's vehicle was positioned on the curb, and not the roadway, when it was stopped.
13. During the course of the investigation, Plaintiff admitted to Officer Kishpaugh that she did not see the school bus as she began the left hand turn.
14. Plaintiff's vehicle incurred some damage as a result of this collision. *Page 4 
15. Plaintiff failed to use her turn signal as she made the left hand turn onto Colley Ford Lane and Plaintiff failed to observe the large, yellow school bus as it approached and passed Plaintiff's stopped vehicle.
16. At the hearing before the Deputy Commissioner, Plaintiff admitted that she did not use her turn signal and failed to keep a proper look-out for other vehicles including the large, yellow school bus driven by Ms. Cropp.
17. Officer Kishpaugh testified at trial that Plaintiff's own actions, namely a failure to give proper attention, were at least a contributing cause of the accident.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff filed her action pursuant to the Tort Claims Act, which allows persons to Sue state departments or agencies for injuries caused by the negligence of state employees. Under the provisions of the Tort Claims Act, negligence is determined by the same rules that are applicable to private parties. Bolkhir v. N.C.State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. DOT,41 N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979). Plaintiff must show that the injuries and/or damages sustained were the proximate result of a negligent act, by the named state employee, acting within the course and scope of his or her employment. N.C. Gen. Stat. § 143-291, et seq.
2. In order to recover on a civil claim for negligence, the plaintiff must prove (1) existence of a duty to her; (2) a breach of that duty by the defendant (the named employee *Page 5 
thereof in the tort claim); (3) an injury sustained; (4) as a proximate result of the breach of duty. Pulley v. Rex Hosp.,326 N.C. 701, 392 S.E.2d 380 (1990).
3. In order to recover under the North Carolina Tort Claims Act, it is necessary that the Affidavit filed in support of the claim and the evidence offered before the Industrial Commission identify the employee alleged to have been negligent, and set forth the specific act or acts of negligence relied upon. N.C. Gen. Stat. § 143-291. Without proof of negligence by the specific named employee, the plaintiff may not recover.Woolard v. DOT, 93 NC App. 214, 377 S.E.2d 267, cert.denied, 325 N.C. 230, 381 S.E.2d 782 (1989).
4. Contributory negligence by the plaintiff will bar the plaintiff's recovery even if the defendant has breached a duty to the plaintiff. N.C. Gen. Stat. § 143-299.1. Contributory negligence does not require that the plaintiff's actions were the sole proximate cause of the injury and/or damages sustained, only that such actions contributed to the injury and/or damages.Godwin v. Atlantic C.L.R. Co.,220 N.C. 281, 285, 17 S.E.2d 137, 139 (1941).
5. Although Ms. Cropp had a duty to operate Defendant's school bus safely and in accordance with motor vehicle laws, Plaintiff has failed to prove that Ms. Cropp breached that duty or otherwise proximately caused the damage to her vehicle. Pulley v. RexHosp., 326 N.C. 701, 392 S.E.2d 380 (1990). Without providing evidence to this effect, Defendant cannot be held responsible for damages to Plaintiff. See Drewry v. N.C. DOT,168 N.C. App. 332, 607 S.E.2d 342 (2005). Furthermore, Plaintiff's and Officer Kishpaugh's testimony at trial indicated that Plaintiff's inattention and failure to keep a proper lookout were at least a proximate cause of the collision, thus her contributory negligence acts as a bar to any recovery herein. N.C. Gen. Stat. § 143-299.1
 *********** *Page 6 
Based on the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission makes the following:
 ORDER
1. Plaintiff's claim for negligence is DENIED.
2. Each side shall bear their own costs.
This the 29th day of June, 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1